**In the Interest of P.W.K.**

No. 58583.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 20, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 25, 1991.

William P. Grant, Margulis and Grant, St. Louis, for appellant.

Robert P. Baine, Jr., Arthur Aaron Hogg, Baine & McHugh, Clayton, for respondent.

CRANDALL, Judge.

L.A.K., (mother), appeals from the order of the trial court transferring legal custody of her minor son, P.W.K., to A.E.K. and F.J.K., his paternal grandparents (grand-

parents), for the purpose of subsequent adoption. We affirm.

 Our standard of review is familiar. We review the evidence and the reasonable inferences therefrom in a light most favorable to the order of the trial court. We defer to the trial court's determination of credibility and resolution of factual conflicts in the evidence. In *Interest of R.H.S.*, 737 S.W.2d 227, 236 (Mo.App. 1987). A factual determination by the trial court is binding on an appellate court unless there is no substantial evidence to support it or unless it is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We exercise the power to set aside the judgment as against the weight of the evidence with caution and only with a firm belief that the judgment is wrong. *Id.*

Mother and M.K. (father) were married on May 1, 1982. P.W.K. was born of that marriage on September 5, 1983. Mother stated to co-workers that she had not wanted to marry father or to have the child. On April 24, 1984, mother murdered father. She shot father in the head and then called for assistance and directed police officers to the body in the master bedroom of the family home. At the time of the killing, P.W.K. was seven months old and lived in the home with his mother and father.

On May 6, 1985, mother was convicted, after a jury trial, of murder in the second degree. She was later sentenced to imprisonment for 12 years. The conviction was affirmed on appeal.

P.W.K. was in temporary foster care from April 24, 1984 until September 20, 1985 when the grandparents were granted physical custody of the minor child. P.W.K. has remained in the physical custody of the grandparents ever since.

P.W.K. visits his mother every three months at the prison. These visits have upset P.W.K. and he has undergone counseling as a result.

Mother has written several cards and letters and sent gifts to P.W.K. since her incarceration. She told P.W.K. in her letters that "people lie" and not to "believe everything you hear." Mother has also written letters to the grandparents accusing them of "framing" her for the murder of father and wanting mother and P.W.K. dead.

Section 453.040(5), RSMo (1986) provides that the consent of the parent for adoption of a child is not required when that parent has "willfully abandoned" *or* "willfully, substantially and continuously neglected" the child for a statutorily provided period of time. Here, the trial court found that mother abandoned and neglected P.W.K. and that a transfer of legal custody would be in the child's best interest. The trial court's finding regarding the child's best interest is supported by substantial evidence and is not challenged on appeal.

On appeal, mother first claims that the trial court erred in finding that she willfully abandoned P.W.K. She further argues that the trial court summarily found abandonment based upon the murder committed by mother.

 Abandonment is the voluntary and intentional relinquishment of custody with the intent to never again claim any rights or duties of a parent. *In Re: Adoption of Baby Boy W.*, 701 S.W.2d 534, 543 (Mo.App.1985). Abandonment must be established by clear, cogent and convincing evidence that instantly tilts the scales in the affirmative when weighted against the opposing evidence. *In Re C.W.*, 753 S.W.2d 933, 938 (Mo.App.1988).

 Imprisonment of a parent does not per se constitute abandonment. *In Interest of A.R.M.*, 750 S.W.2d 86, 89 (Mo.App. 1988). "On the other hand, a majority of the decisions hold that under appropriate circumstances imprisonment may constitute abandonment." *In Interest of A.R.M.*, 750 S.W.2d at 89 (quoting *In Re: Adoption of K.L.G.*, 639 S.W.2d 619, 626 (Mo.App. 1982)).

 In this case, mother intentionally killed P.W.K.'s father. A jury convicted mother of second degree murder. The nature of the crime, one parent killing the other parent, is a relevant factor for the trial court to consider. The intentional

murder of father by mother permanently severed the family unit and left P.W.K. without a modicum of parental nurturing during mother's incarceration.

The crime also has created a physical and emotional estrangement between P.W.K. and his mother during his formative years and completely deprived P.W.K. of the care and support of his father. The only contact between P.W.K. and mother is four brief visits each year at the prison and several letters and cards sent by mother to P.W.K. The letters from mother to P.W.K. show no remorse for mother's killing of father and she only implores P.W.K. not to believe what people tell the child about father's death. Mother's actions toward P.W.K. portray herself as a victim, rather than attempting to repair the damage caused by her crime and the subsequent physical and emotional estrangement.

In addition, the evidence adduced at trial showed that mother provided no financial support to P.W.K. even though she did earn some money while incarcerated and that mother never inquired of the grandparents about P.W.K.'s well being. Again, mother's actions do not indicate a willingness to assume parental responsibilities.

Here, the trial court considered all the evidence and entered extensive findings of fact and conclusions of law. Clearly, there was no summary disposition. The trial court exercised its discretion and found, as a matter of fact, that mother had abandoned P.W.K. There is substantial evidence in the record to support that finding. We find no abuse of discretion. Mother's points are denied.[1]

The order of the trial court is affirmed.

GRIMM, P.J. and SATZ, J., concur.

---

1. The trial court also found that mother neglected P.W.K. That finding is not directly challenged on appeal. In view of our holding that the trial court did not abuse its discretion in finding abandonment, we decline to address the issue of neglect.